**NORTON ROSE FULBRIGHT US LLP**
JEFFREY B. MARGULIES (BAR NO. 126002)
EVA YANG (BAR NO. 306215)
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
jeff.margulies@nortonrosefulbright.com
eva.yang@nortonrosefulbright.com

Attorneys for Defendant
ASHLEY FURNITURE INDUSTRIES, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE CODY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ASHLEY FURNITURE INDUSTRIES, LLC, a Wisconsin limited liability, dba ASHLEY FURNITURE.COM, and DOES 1 through 10, inclusive,,<br><br>Defendants. | Case No. **'23CV0065 AJB  WVG**<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>[From the Superior Court of California, County of San Diego, Case No. 37-2022-00048182]<br><br>Action Filed:   December 1, 2022<br>Action Removed: January 12, 2023 |

Document Prepared on Recycled Paper

134279341.1

**TO THE CLERK AND PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that defendant Ashley Furniture Industries, LLC ("Ashley Furniture") hereby removes this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446 as follows:

**I.      THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER.**

1.      A notice of removal is timely if filed within thirty (30) days after service of the complaint.  28 U.S.C. § 1446; *see Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356, 119 S.Ct. 1322, 1329-1330 (1999).

2.      Plaintiff filed her complaint on December 1, 2022. Ashley Furniture was served on December 13, 2022. Therefore, this notice is being filed within 30 days after Ashley Furniture was served with the complaint and is timely.

3.      Plaintiff filed this action in the Superior Court of the State of California, County of San Diego. This action is thus properly removed to the United States District for the Southern District of California, which embraces San Diego County within its jurisdiction. 28 U.S.C. §§ 1441(a), 1446(a).

4.      Ashley Furniture will provide prompt written notice to plaintiff and is filing a copy of this notice with the clerk of the Superior Court of California for the County of San Diego pursuant to 28 U.S.C. § 1446(d).

**II.     STATE COURT COMPLAINT.**

5.      On December 1, 2022, plaintiff Annette Cody filed a purported class action complaint in the Superior Court of the State of California in the County of San Diego, case entitled *Annette Cody v. Ashley Furniture Industries, LLC*, Case No. 37-2022-00048182 setting forth claims for violation of Penal Code sections 632.7 and 631, part of the California Invasion of Privacy Act ("CIPA"). A copy of the complaint is attached hereto as **Exhibit A**. Pursuant to 28 U.S. Code § 1446(a) Ashley Furniture

submits with this notice a copy of all process, pleadings, and orders served upon it in this action as **Exhibit B.**

6.      Plaintiff is a "tester" who works to ensure that companies are abiding by CIPA. Complaint ¶ 8. Plaintiff alleges that she visited Ashley Furniture's website through her smart phone and started a chat conversation. *Id.* ¶ 10. Plaintiff claims that, in violation of CIPA, Ashley Furniture was secretly recording the conversations or allowing third parties to intercept and eavesdrop on these chat conversations in real time. *Id.* ¶ 12.

7.      As such, plaintiff brings this action on behalf all persons in California who communicated with Ashley Furniture via the chat function using a telephone, and whose communications were recorded and/or eavesdropped without their prior consent. *Id.* ¶ 14.

8.      In addition to injunction relief, plaintiff seeks statutory damages pursuant to CIPA, punitive damages, and attorneys' fees and costs.

## III.  REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT.

9.      Removal is proper because the Court has jurisdiction over plaintiff's claims under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d)(2).

10.     Under CAFA, the district court has original jurisdiction of any civil action in which (1) the matter in controversy exceeds the sum or value of $5,000,000, (2) any member of a class of plaintiffs is a citizen of a state different from any defendant, (3) there are at least 100 members in all proposed plaintiff classes combined, and (4) no exception applies.

11.     Unlike traditional removals, "[n]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

**A.**    **The Amount in Controversy Exceeds $5,000,000.**

12.    Ashley Furniture does not concede that plaintiff or the putative class members have alleged any valid causes of action or are entitled to any of the relief or damages sought. Nevertheless, in "measuring the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury [will] return[ ] a verdict for the plaintiff on all claims made in the complaint.'" *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (alterations in original) (quotation omitted). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc 'ns, Inc*., 627 F.3d 395, 400 (9th Cir. 2010).    Thus, for purposes of the amount in controversy requirement, the removing defendant need only show "the potential damages could exceed the jurisdictional amount[.]" *Woods v. CVS Pharmacy, Inc.,* 2014 U.S. Dist. LEXIS 13339, at *5 (C.D. Cal. Jan. 30, 2014) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.") (alterations and quotations omitted).

13.    Plaintiff seeks statutory damages pursuant to sections 631(a) and 632.7. *See* Complaint ¶ 25 ("Defendant's conduct constitutes numerous independent and discreet violations of Cal. 8 Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages."); *see also Id.* ¶ 33 (same for section 632.7)). Plaintiffs alleging violation of CIPA may seek statutory damages of the greater of $5,000 per violation or three times the amount of actual damages, if any. *See* Cal. Penal Code § 637.2.

14.    Plaintiff also alleges that she does not know the exactly number of class members, but "believes the number to be in the thousands, if not more." Complaint ¶ 15. Therefore, even assuming that each class member only used the chat function once, the statutory damages here alone can meet the $5,000,000 threshold using a

conversative estimate of the potential class members (e.g., $5,000 x 1,000 putative class members).

15.    Moreover, plaintiff seeks injunctive relief, attorneys' fees, and punitive damages, all of which adds to the amount in controversy. *See In re Ford Motor Co./Citibank (S. Dakota), N.A*., 264 F.3d 952, 958 (9th Cir. 2001) (cost of complying with the injunction creates the amount in controversy for jurisdictional purposes); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 795 (9th Cir. 2018) (amount in controversy includes all reasonable attorneys' fees not merely through the date of removal, but through resolution of the action); *Bayol v. Zipcar, Inc*., No. 14-CV-02483-TEH, 2015 WL 4931756, at *9 (N.D. Cal. Aug. 18, 2015) (using punitive damages to hold that the federal court had jurisdiction under CAFA).

16.    Accordingly, the amount in controversy exceeds $5,000,000.

**B.    There is Minimal Diversity of Citizenship.**

17.    There is minimal diversity of citizenship. Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

18.    For CAFA removal purposes, an unincorporated association is "a citizen of the state where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (explaining that this "departs from the rule that frequently destroys diversity jurisdiction, that 'a limited partnership's [or unincorporated association's] citizenship for diversity purposes can be determined only by reference to all of the entity's members'" (quoting *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004)); *see also Jack v. Ring LLC*, 553 F. Supp. 3d 711, 715 (N.D. Cal. 2021) (citing cases and finding that "CAFA did intend to change the traditional diversity rule for LLCs" thus determining citizenship of LLC through principal place of business).

19.    Plaintiff alleges that she is a resident and citizen of California. Complaint ¶ 4. Similarly, all class members would be citizens of California.

20.    Ashley Furniture is a Limited Liability Company incorporated in Wisconsin, with its principal place of business in Wisconsin. Even if citizenship of LLCs is determined by its members for purposes of CAFA, Ashley Furniture is a wholly owned subsidiary of Ashley Holdings, Inc., which is also diverse. Therefore, there is minimum diversity of citizenship among the parties.

C.    **The Proposed Class Exceeds 100 Members.**

21.    This action also satisfies the definition of a "class action" under 28 U.S.C. § 1332(d)(1)(B), which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

22.    To remove a class action under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be at least 100. 28 U.S.C. § 1332(d)(5)(B).

23.    Plaintiff seeks to represent more than 100 members, as she "believes the number to be in the thousands, if not more." Complaint ¶ 15. Therefore, the proposed class exceeds 100 members.

D.    **No CAFA Exceptions Apply.**

24.    Although Plaintiff bears the burden of proof for establishing the application of a CAFA exception, neither the "local controversy" (28 U.S.C. § 1332(d)(4)(A)) nor the "home state"  (28 U.S.C. § 1332(d)(4)(B)) exceptions to CAFA jurisdiction can apply here because Ashley Furniture is not a citizen of California.

25.    As such, no exceptions apply that would defeat CAFA jurisdiction.

IV.   **RESERVATION OF RIGHTS.**

26.   If plaintiff moves to remand this case, or if the Court addresses remand *sua sponte*, Ashley Furniture respectfully request an opportunity to submit such additional argument or evidence in support of removal as may be necessary. By filing this Notice of Removal, Ashley Furniture specifically reserves the right to assert any defenses and/or objections to which they may be entitled.

V.   **CONCLUSION.**

27.   For the reasons stated above, this action is within the Court's original jurisdiction and meets all requirements for removal, such that removal is proper under 28 U.S.C. §§ 1332(d), 1441, and 1446. Accordingly, the above-entitled matter is hereby removed from the Superior Court of the County of San Diego to this Court.

Dated: January 12, 2023

**NORTON ROSE FULBRIGHT US LLP**
JEFFREY B. MARGULIES
EVA YANG

By _____
EVA YANG
Attorneys for Defendant
ASHLEY FURNITURE INDUSTRIES, LLC

DOCUMENT PREPARED
ON RECYCLED PAPER